. BROWN & ROOT v. HAUSENFLUCK.
(No. 7094.)

Court of Civil Appeals of Texas. Austin.
March 23, 1927.

Rehearing Denied April 20, 1927.

1. Appeal and error ⟜1002—Jury's finding on conflicting evidence held conclusive on appeal.

Jury's finding on conflicting evidence as to whether contract sued on relative to hauling of sand and gravel had been changed *held* conclusive on appeal.

2. Contracts ⟜353(1)—Trial 194(11)—In action for hauling sand and gravel, statement of original contract in charge held not misleading, or on weight of evidence, notwithstanding alleged change.

In action on contract for hauling sand and gravel, statement of terms of original contract in charge *held* not misleading or confusing, or on weight of evidence, though defendants pleaded change in contract after source of supply was changed, where such alleged change was properly submitted.

3. Appeal and error ⟜1070(2)—Finding that amount of gravel and sand hauled by plaintiff should be determined as provided in contract, if error, held harmless, where stipulated method was most accurate.

In action on contract for hauling sand and gravel, jury's finding that amount of gravel and sand hauled by plaintiff should be determined as provided in contract, if error, *held* harmless, where most accurate method of computation, in absence of actual measurement, was that provided in such contract.

4. Contracts ⟜322(5)—Evidence held to support finding as to price of loading and hauling mixed sand and gravel, requiring computation separately.

Evidence *held* to support finding that 20 cents per cubic yard for loading and 6 cents per cubic yard per quarter mile hauled was reasonable cost for hauling sand and gravel, which should be computed separately, though they were mixed when hauled, and volume of both was no greater than gravel alone.

5. Evidence ⟜20(1)—It is common knowledge that weight is first consideration in hauling rock, sand, and gravel.

It is matter of common knowledge that, in hauling such materials as rock, sand, and gravel, weight and not volume is matter of first consideration.

6. Evidence ⟜142(5)—In action for hauling sand and gravel, plaintiff's testimony as to. what he received for hauling similar materials or similar jobs before held admissible.

In action on contract, or, in alternative, on quantum meruit, for hauling sand and gravel, it was not error to permit plaintiff to testify as to what he had received for hauling similar materials or similar jobs before, since such evidence was admissible on issue of what was reasonable charge.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Action by J. R. Hausenfluck against Brown & Root. Judgment for plaintiff, and defendants appeal. Affirmed.

Wilcox & Graves, of Georgetown, for appellants.

W. H. Nunn, of Georgetown, for appellee.

BAUGH, J. Appellants had a contract with Williamson county to construct in that county a portion of highway No. 74 between Florence and Georgetown, including the concrete bridges and culverts. They employed appellee, Hausenfluck, to supply on the ground the sand and gravel needed for the concrete structures. The work was completed and accepted and this suit is for a balance claimed by appellee for loading and hauling the sand and gravel accepted and used by appellants. Appellee sought to recover under contract, or, in the alternative, on quantum meruit, for labor and services performed. The case was submitted to a jury on special issues and judgment rendered on their findings in favor of appellee.

There is no dispute over the terms of the original contract. When it was made, all parties contemplated that the gravel would be obtained in a creek bed about half a mile distant from the section of road to be constructed, and that the sand would be obtained from the San Gabriel river near Georgetown, some 15 miles distant from the portion of the road to be constructed. Under the contract, appellee was to receive 50 cents per cubic yard for loading and washing said gravel and 6 cents per quarter mile per cubic yard for hauling same to the points needed, and 20 cents per cubic yard for loading and 6 cents per quarter mile for hauling

the sand needed. The quantites of each hauled were to be arrived at on the basis of one cubic yard of gravel and one-half cubic yard of sand to each cubic yard of the completed concrete structures, plus 15 per cent. added thereto for wastage. It is also undisputed that the gravel originally intended to be used was rejected by the engineers as unfit. Thereupon search was made and suitable gravel located about 17 miles from the places where it was to be delivered. This gravel did not have to be washed, but contained, already mixed in its natural state, about one-half yard of sand to each yard of gravel. Consequently, it was not necessary to haul additional sand separately as originally contemplated by the parties.

[1] Appellants pleaded, and one of them testified, that, when the gravel originally contemplated was rejected by the engineers, an agreed change was made in the original contract, under which appellee was to receive 20 cents for loading each cubic yard of the mixed sand and gravel and 6 cents per quarter mile for hauling same, on the basis of one cubic yard of the mixture to each cubic yard of concrete structure built, plus 15 per cent. additional for wastage. Appellee expressly denied any such change, and, in answer to special issues 1 and 2, the jury found that no such change was made. Their finding concludes that matter in this court.

It is of question 3 submitted to the jury that appellants make their chief complaint. This question was as follows:

"Was the gravel and sand hauled by the plaintiff all hauled under that portion of the terms and conditions of the contract of the parties that has been set out in the main charge which provides that the amount of gravel and sand hauled shall be determined by the amount of concrete work done on the basis of one cubic yard of gravel and one-half cubic yard of sand, plus 15 per cent. for wastage to each cubic yard of concrete work done?"

The jury answered it in the affirmative.

[2, 3] In his charge the trial court stated the terms of the original contract between the parties as set out above and that the gravel contemplated was rejected. In their first proposition appellants contend that this portion of the charge was upon the weight of the evidence and was calculated to mislead and confuse the jury. There is no merit in this. Appellants themselves admitted that the original contract was as stated. They did plead a change, as stated above, and this alleged change was submitted to the jury in almost the identical language of their pleadings. The contract of employment was admitted by appellants. And it is practically without dispute that for a cubic yard of concrete approximately one cubic yard of gravel and half as much sand was required. Hence there could be no occasion for changing the portion of the original contract relative to computing the quantity of materials hauled. Appellants admit that, regardless of controversies otherwise, appellee was to be allowed 15 per cent. additional to what was required, for wastage. And even if the contract had not provided the formula for ascertaining the quantities of sand and gravel hauled, under the undisputed evidence, in the absence of actual measurement while hauling same, the most accurate method of computation would have been on the basis stated. Hence, even if erroneous, no harm could have resulted to appellants from the jury's finding under question 3. This applies with equal force to issue No. 5 on the same subject.

The prices per yard for loading and hauling the sand and gravel originally contemplated could not apply to that actually hauled, for the reason that those prices included not only loading, but washing, the gravel, and hauling sand separately, all of which was rejected. The new materials then located required handling under entirely different conditions. The jury having found, under conflicting testimony, that no new price for loading and hauling was agreed upon after such rejection, only one issue remained; i. e., what was the reasonable value of appellee's services for hauling the sand and gravel accepted and used?

There were 1,062.89 cubic yards of concrete structure. Adding to this the 15 per cent. allowed for wastage, it amounts to 1,222.32 cubic yards. To construct this, appellee must have delivered approximately 1,222.32 yards of gravel and 611.16 yards of sand. If each cubic yard had been hauled separately, it would have required 1,833 loads. A cubic yard in volume of the mixture hauled by appellee in fact contained approximately one yard of gravel and a half yard of sand; the sand merely filling the voids in the gravel, and adding no extra volume. Appellants contend then that, if appellee hauled a yard of the mixture in each load, no labor was required to load it, and no more space required to haul it than if same had been pure gravel—in other words, that by hauling a cubic yard in a load only 1,222 loads would have been required to haul all the material—that the amount claimed by appellee is unreasonable; and that he should be paid for the volume yardage of the mixture hauled. His contention on this score was submitted to the jury in issue No. 7, and the claim of appellee was submitted in issue No. 8. These issues were as follows:

"Question No. 7: Was 20 cents per cubic yard for loading and 6 cents per quarter mile per cubic yard for hauling mixed gravel and sand from the pit on Rocky to the places of construction a reasonable price for loading and hauling each cubic yard of such mixed sand and gravel, the number of cubic yards of such mixed gravel and sand to be the number of cubic yards of concrete construction, plus 15 per cent?"

"Question No. 8: Was 20 cents per cubic yard for loading and 6 cents per cubic yard for each quarter of a mile hauled, on the basis of one yard of gravel and one-half yard of sand, plus 15 per cent. for waste to each one yard of concrete work done, a reasonable cost for loading and hauling such sand and gravel where such sand and gravel was mixed when hauled, and afterwards screened on the job?"

The jury answered No. 7, "No," and No. 8, "Yes." No objection was made to the form or subject-matter of either question.

[4] Appellants insist that the jury's answer to question No. 8 is without evidence to support it. We cannot agree with them. Witness Welborn, supervising engineer on that job testified as follows:

"I would say that he ought to have been able to haul it for 6 cents a quarter and the loading on that material would cost from 40 to 50 cents a yard, but that depends, of course, on how hard it is to get to it and to the loading place and what had to be done to it before it is loaded— he possibly had to strip the pit, but I don't know about that. Those figures are a reasonable, fair value for that work; but the cost of loading depends on how difficult it is to get it out of the pit."

Herman Brown, one of the appellants, testified:

"It would make no difference whether it was rock, gravel, or sand that he hauled, 6 cents per cubic yard per quarter mile would be, in my judgment, a fair and reasonable price; I would consider it a good price."

He also testified further:

"I have done a world of construction work on other roads besides this one on which I have testified that a fair and reasonable price to haul gravel was 20 cents per load for loading and 6 cents a quarter to haul it, and 20 cents per yard for loading and 6 cents per quarter for hauling sand. The figures which I have given as being reasonable and fair for hauling, when you base the amount of the material hauled, or ascertain the amount of the material hauled upon the concrete structure, in the proportion of one yard of gravel and, one-half of a yard of sand, plus 15 per cent. for wastage in building the structure, are reasonable figured on that basis."

C. C. Moore, one of the subcontractors of long experience, testified:

"If Mr. Hausenfluck was to receive 20 cents for the loading and 6 cents for each quarter of the hauling and the quantity was to be based on the yardage of the concrete, plus 15 per cent, for wastage, that would be a fair and reasonable price for hauling a yard of material."

W. A. Woolsey, appellants' foreman on this job, testified:

"If Mr. Hausenfluck was getting 20 cents for loading the gravel and 6 cents a quarter for hauling it, taking into consideration the haul and the distance and the character of the roads, he was getting a fair and reasonable price for each yard hauled, I think."

This witness also testified that the weight of the material is the important thing to be taken into consideration in hauling. He also testified further:

"It is a fair and reasonable basis at 20 cents a load for loading sand and gravel or sand or gravel, and it is also for loading the sand, whether you load it by itself or with gravel, and 6 cents a yard a quarter is a fair and reasonable price for hauling the materials, whether they are combined or separate."

[5, 6] The jury were entitled to take into consideration the weight and character of the materials hauled. It is a matter of common knowledge that, in hauling such materials as rock, sand, and gravel, the weight, and not the volume, is the matter of first consideration. There is no evidence in the record as to the relative weight of a yard of gravel unmixed with sand and a yard of sand unmixed with gravel. Assuming that they weighed the same, it is obvious that a cubic yard of the mixed material hauled by appellee, weighed 50 per cent. more than an equal volume either of pure sand or pure gravel. It was necessary, therefore, for appellee to reduce, in hauling such mixture, the size of the volume in his load to offset the increase in weight, and to make additional trips or loads by reason thereof. The appellee testified that he did in fact haul about 1,900 loads for the 1,062 cubic yards of completed structure. These were matters which the jury were entitled to consider in arriving at a reasonable value for the hauling. Taken in connection with the testimony above, we think it was sufficient to sustain the jury's answer to question No. 8. Nor was it error to permit appellee to testify as to what he had received for hauling similar materials or similar jobs before. This was admissible on the issue of what was a reasonable charge for such services.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.